IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

ARTHUR LEE HAIRSTON, SR.,

        Plaintiff,

v.                                               CIVIL ACTION NO. 3:19-CV-16
                                                  (GROH)

DVA, Regional VA Office Martinsburg,
and CLAIMS INTAKE CENTER,
Philadelphia Pension Center,

        Defendants.

**REPORT AND RECOMMENDATION**

**I.     INTRODUCTION**

Pending before the Court is Plaintiff Arthur Lee Hairston, Sr.'s ("Plaintiff") pro se Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that the Court lacks subject-matter jurisdiction over Plaintiff's Title VII claim, the undersigned recommends that Plaintiff's complaint be dismissed, without prejudice, and Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

**II.    THE COMPLAINT**

On February 7, 2019, Plaintiff filed the instant pro se complaint alleging that

---

[1] This motion was referred to the undersigned by order dated February 13, 2019. Order of Referral, ECF No. 4.

Defendants DVA, Regional VA Office Martinsburg, and the Claims Intake Center, Philadelphia Pension Center (collectively, "Defendants") discriminated against him. See ECF No. 1, at 1. Interpreting Plaintiff's complaint liberally, it appears that Plaintiff attempted to apply for non-service connected pension benefits in August 2018 by submitting a statement in support of claim at the Regional VA Office Martinsburg. Id.; see ECF No. 1-2. In October 2018, Plaintiff alleges that he called the Claims Intake Center and was told to submit a hardship package with bills. ECF No. 1, at 1. Plaintiff further alleges that he was not told in August or October by Defendants that he was required to complete and submit an application for pension benefits. Id. Plaintiff contends that these omissions on the part of Defendants constituted discrimination.[2] Id. at 1–2. Plaintiff then asserts that he only learned of the application requirement on December 31, 2018 and that he completed the application that same day. Id. at 2; ECF No. 1-2. Plaintiff claims that because of this delay in submitting his application, he is not eligible for benefits until August 6, 2019. ECF No. 1, at 2.

Plaintiff seeks monetary and compensatory damages, injunctive relief, and other damages. Id. at 1. In particular, Plaintiff asks that benefits be awarded from August 2018. Id. at 2.

### III.   LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with the request or motion for leave to

---

[2] Discrimination on what basis, Plaintiff does not say.

2

proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

The federal *in forma pauperis* statute allows a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002)).

### IV.    DISCUSSION

Liberally construed, Plaintiff's complaint alleges that Defendants engaged in discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012).[3] But before determining whether Plaintiff's complaint sets forth any viable claims, the undersigned must first determine whether this Court has subject-matter jurisdiction.

If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of

---

[3] In its caption, Plaintiff's complaint specifically alleges Title VII discrimination as the jurisdictional basis for this action. Title VII prohibits employment discrimination based on race, color, religion, sex, and national origin. See Ricci v. DeStefano, 557 U.S. 557, 577 (2009). However, the undersigned notes that Plaintiff nowhere provides any information as to whether Defendants are/were Plaintiff's employer. Because Plaintiff's allegations stem from his attempt to obtain pension benefits from Defendants, which are awarded on the basis of past employment, the undersigned liberally construes Plaintiff's allegations to be those of employment discrimination under Title VII.

4

subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Here, Plaintiff claims this Court has federal-question jurisdiction under § 1331, as stated in the caption of Plaintiff's complaint. ECF No. 1, at 1. Federal-question jurisdiction only requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the well-pleaded complaint rule, "a federal question must appear on the face of [the] plaintiff's . . . complaint." Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N. D. W. Va. 1987).

While "Title VII . . . creates a federal cause of action for employment discrimination," a claimant must first exhaust the administrative procedures enumerated in 42 U.S.C. § 2000e-5(b) before a federal court may assume jurisdiction. Davis v. N.C. Dep't of Corr., 48 F.3d 134, 136–37 (4th Cir. 1995). In other words, "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (citing Davis, 48 F.3d at 138–40).

Because Plaintiff does not indicate whether he has exhausted his remedies through the Equal Employment Opportunity Commission, this Court is deprived of subject-matter jurisdiction to hear his Title VII claim. Accordingly, Plaintiff's Title VII claim must be dismissed, without prejudice. See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (holding that a dismissal for lack of subject matter jurisdiction "must be one without prejudice, because

a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits").[4]

## IV. RECOMMENDATION

For the foregoing reasons, I find that this Court lacks subject-matter jurisdiction over Plaintiff's Title VII claim. Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff Arthur Lee Hairston, Sr., may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court.

A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

---

[4] Even if the Court did possess subject-matter jurisdiction over Plaintiff's claim, Plaintiff's complaint still fails to state a claim for relief. "[T]he elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). Plaintiff's complaint does not allege an employment relationship between Plaintiff and Defendants. The complaint does not identify Plaintiff's membership in a protected class, and it fails to allege that Plaintiff was treated differently than similarly situated employees outside of the protected class. So, at minimum, Plaintiff's complaint fails to allege facts to support the first, third, and fourth elements of the prima facie case for employment discrimination under Title VII.

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 15th day of February, 2019.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE