# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ARTHUR LEE HAIRSTON, SR.,**

    Plaintiff,

v.                                                                              **CIVIL ACTION NO.: 3:19-CV-16
(GROH)**

**DVA, Regional VA Office Martinsburg,
and CLAIMS INTAKE CENTER,
Philadelphia Pension Center,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently pending before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. ECF No. 6. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R. On February 15, 2019, Magistrate Judge Trumble issued his R&R recommending that the Court dismiss the Plaintiff's complaint without prejudice and deny as moot his application to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United

States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the same. The R&R was sent to the Plaintiff by certified mail, return receipt requested, on February 15, 2019. ECF No. 6. The Plaintiff accepted service on February 25, 2019. ECF No. 7. The Plaintiff filed his objections on February 28, 2019. ECF No. 8. Accordingly, the Court will review the portions of the R&R to which the Plaintiff objects *de novo*.

Magistrate Judge Trumble recommended that this action be dismissed because the Court lacks subject-matter jurisdiction over the claim. ECF No. 6 at 1. Specifically, Magistrate Judge Trumble held that, although Title VII creates a federal cause of action for employment discrimination, the claimant must first exhaust his administrative remedies before a federal court may assume jurisdiction. Id. at 5. Because the Plaintiff did not indicate whether he has exhausted his administrative remedies, Magistrate Judge Trumble found that the Court is deprived of subject-matter jurisdiction. Id.

In a footnote, Magistrate Judge Trumble indicated that even if the Court had subject matter jurisdiction, the Plaintiff's complaint failed to state a claim upon which relief could be granted. Id. at 6 n. 4. Specifically, "the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). Magistrate Judge Trumble found that the Plaintiff's complaint "does not allege an employment relationship," "does not identify Plaintiff's membership in a protected class," and "fails to allege that Plaintiff was treated differently

than similarly situated employees outside of the protected class." Id. Accordingly, Magistrate Judge Trumble found that even if the Court had subject-matter jurisdiction, the Plaintiff's complaint failed to state a claim upon which relief could be granted.

In his objections, the Plaintiff states that "this complaint was also filed under 28 U.S.C. 1331 Federal Question Jurisdiction, and this gives this court jurisdiction." ECF No. 8 at 1. However, the Plaintiff's assertion is a misstatement of law. As correctly identified by Magistrate Judge Trumble, the Court cannot assume federal question jurisdiction over the Plaintiff's Title VII claims until *after* the Plaintiff exhausts his administrative remedies. See Davis v. N.C. Dep't of Corr., 48 F.3d 134, 136-37 (4th Cir. 1995). The Plaintiff's objections fail to address whether he exhausted his administrative remedies.

Furthermore, the Plaintiff does not rebut Magistrate Judge Trumble's finding that his complaint fails to state a claim upon which relief may be granted. As Magistrate Judge Trumble correctly stated, the prima facie elements for a Title VII claim are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside of the protected class. See Coleman, 626 F.3d at 190. The Plaintiff's objections do not address whether there is an employment relationship between himself and the Defendants, whether he is a member of a protected class, or whether he was treated differently from employees outside of the protected class. Therefore, even if the Plaintiff has exhausted his administrative remedies, the complaint still fails to state a claim upon which relief may be granted.

Therefore, upon careful review and finding no error of fact or law, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 6] is

**ADOPTED** for the reasons more fully stated therein. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** and the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 2] is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to strike this case from the Court's active docket and transmit a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED:** March 6, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE